UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cr-263-JMS-TAB |
| | ) | |
| ERIC KEYS | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ERIC KEYS'S SENTENCING MEMORANDUM</u>**

Eric Keys appears before this Court for sentencing following his guilty plea to Making a False Statement to a Licensed Firearms Dealer in Connection with Acquisition of a Firearm, 18 U.S.C § 922(a)(6). Eric respectfully suggests a sentence other than imprisonment will satisfy the objectives of sentencing.

## RELEVANT HISTORY AND CHARACTERISTICS

In June 2022, counsel retained the services of Atlas Psychological Services, LLC for the purpose of conducting a psychological evaluation. Eric met with licensed psychologist, Dr. Ashley Christiansen, on June 24, 2022, June 28, 2022, and July 29, 2022. Dr. Christiansen completed a comprehensive bio/pyscho/social assessment and provided a detailed report. Counsel fully incorporates Dr. Christiansen's report, which is filed separately under seal as an exhibit, herein.

## LEGAL ARGUMENT

Eric is scheduled to plead guilty and be sentenced on June 27, 2023 at 1:30 p.m. Judging the conduct at issue, and after applying the factors set forth in 18 U.S.C. § 3553(a), Eric respectfully suggests a sentence other than imprisonment will satisfy the objectives of sentencing. His acceptance of responsibility, his limited intellectual abilities, and his positive family support speak to a sentence below the applicable guideline range.

### I.     Procedural Background

In April 2021, law enforcement began investigating a firearm that was used in a shooting in Chicago, Illinois. During the investigation, officers learned the firearm had been purchased by Eric Keys. Eric was indicted for making a false statement to a licensed firearms dealer in connection with the acquisition of a firearm and making a false statement with respect to information required to be kept by licensed firearms dealers in

violation of 18 U.S.C § 922(a)(6); 924(a)(1)(A).  Dkt. 1.  Eric appears before this Court for sentencing having filed a motion to enter plea of guilty to both counts.  On October 19, 2021, Eric was released from detention and has remained out of custody since that date.

On April 14, 2023, United States Probation filed its Presentence Investigation Report ("PSIR").  Dkt. 43.  The PSIR indicates an adjusted offense level of 15 and a criminal history category of I.  The final PSIR was filed on May 1, 2023, after probation received an objection to the offense level calculation.  Dkt. 44.  Eric requests this Court consider a sentence other than imprisonment.

## II.     Objections to Increased Offense Level under 2K2.1

To avoid procedural error, sentencing judges must correctly calculate the guideline range, evaluate the factors in 18 U.S.C. § 3553(a), and rely on properly supported facts.  *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008).  After applying an increased base offense level, the Probation Department calculated an adjusted base offense level of 15 and a criminal history category of I.  This results in a guideline range of between 18- and 24-months' imprisonment.  Eric believes his total adjusted offense level is 10 and the advisory guideline range with his criminal history category I is 6 to 12 months.  If the Court finds that Eric is a prohibited person or that he committed the offense with knowledge, intent, or reason to believe the offense would result in the transfer of a firearm or ammunition to a prohibited person, his total adjusted offense level would be 12, with an advisory guideline range of 10 to 16 months.

If no enhancements apply, the base level for the offense under U.S.S.G § 2K2.1 is 12.  U.S.G.G. § 2K2.1(a)(7).  If the individual is a prohibited person or commits the offense with knowledge, intent, or reason to believe that the offense would result in the transfer

3

of a firearm or ammunition to a prohibited person, the base offense level is 14.  U.S.S.G. § 2K2.1(a)(6)(B).  Eric objected to the increased offense level in the PSIR based his alleged "knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person."  On May 1, 2023, in the final PSIR, Probation responded to Eric's objection alleging that he is also a prohibited person.  Dkt. 44.  Probation noted that "on March 8, 2023, Keys informed this officer he was using marijuana up until his arrest in the instant offense.  Based upon this admission, Keys possessed these weapons as a prohibit person himself; therefore, satisfying the requirements of 2K2.1(a)(6)(A) as well."  Eric now objects to the assertion that he is a prohibited person.

The Probation Department included a four-level increase to the base offense level because the offense involved between eight and 24 firearms.  U.S.G.G. § 2K2.1(b)(1)(B).  Eric also objected to this increase in the offense level in the PSIR.

### A.     *Knowledge of transfer to prohibited person*

According to Probation,

> On June 22, 2021, ATF Special Agents Rick Rayner and Neddy Fierro conducted an interview of Keys. During the interview, Keys informed agents "that people knew to come to him for guns" and that he "should have indicated 'no' on the purchase forms when asked if he was the actual buyer. Clearly, based on Keys' statements to law enforcement, he was purposefully purchasing the weapons for other individuals.  Regardless of if Keys did not have direct knowledge any of the individuals were prohibited persons, he could have reasonably concluded they were requesting his services because they could not purchase the firearm legally or wanted the weapon for illegal purposes."

Dkt. 44.  In addition to failing to cite any legal authority in support its position, there are two significant issues with Probation's reasoning for using an increased base

4

offense level.  First, it misrepresents Eric's statements to the police, omitting crucial statements made during the interview and inserting an unfounded interpretation. Second, it wholly ignores Eric's intellectual struggles.

During his interview with law enforcement, Eric admitted that he had sold some of the guns he had purchased.  However, during that statement, he also asked, "if I'm homeless, and I sell a gun to make money, is that a crime?"  As discussed in Dr. Christiansen's report,

> [Eric] indicated he purchased the firearms for personal protection, however, "as times got hard and we didn't have money," he decided to sell his firearm. He noted his mother had become ill and was unable to pay for additional nights in the hotel room during a particular week. As such, he indicated he sold a firearm to provide her money. His mother confirmed Mr. Keys provided her money at times while they were living in the hotel. She was unsure how he obtained the money he provided.

*See* Defendant's Exhibit A.  Acknowledging that "people knew to come to him for guns," is not an admission that Eric knew the legal status of those to who he was referring, but more of an indication that people often took advantage of Eric.

As discussed in Dr. Christiansen's report, Eric "is classified as functioning within the borderline range of intellect based upon the results of intellectual assessment. While his adaptive functioning is such that he does not meet criteria for an intellectual disorder, his intellectual functioning falls well below the average range and further impacted his academic functioning, social functioning, and ability to problem solve." *Id*.  Dr. Christiansen further explained "[i]nadequately treated mental health conditions and poor executive functioning skills impacted Mr. Keys' decision-making, judgment, socialization, and emotional and behavioral regulation…" *Id*.

5

There is simply no evidence that Eric committed these offenses with the "knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person." As noted in Dr. Christiansen's report, when Eric committed these offenses, he and his family were struggling financially, and Eric's only intent was to provide for his family.

Without the enhancement, the base offense level is 12 under the Sentencing Guidelines. With a two-level reduction for acceptance of responsibility, the adjusted offense level would be 10.

### B. *Prohibited person*

In the PSIR filed on April 14, 2023, probation calculated Eric's base offense level as 14: "The guideline … calls for a base offense level of 14 because the defendant is convicted under 18 U.S.C. § 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offenses would result in the transfer of a firearm or ammunition to a prohibit person." Dkt. 43. After Eric objected to the offense level calculation on April 19, 2023, probation amended its basis for the higher offense level, stating "on March 8, 2023, Keys informed this officer he was using marijuana up until his arrest in the instant offense. Based upon this admission, Keys possessed these weapons as a prohibit[ed] person himself; therefore, satisfying the requirements of 2K2.1(a)(6)(A) as well." Dkt. 44.

It should first be noted that in paragraph 49 of the PSIR, Probation wrote, "Prior to the instant offense, Eric stated his use of marijuana was only 'occasional.'" Dkt. 44. Even if Eric admitted to using marijuana up until his arrest in the instant offense, that statement alone is insufficient to find that he "possessed the weapons as a prohibited person." In response to Eric's second objection regarding the offense level calculation,

6

Probation explained that while Eric had purchased several firearms, "[n]one remained in his possession on June 22, 2021." Probation cannot have it both ways – it cannot increase the base offense level due to multiple firearms, because Eric purchased several firearms, but was not in possession of any of those firearms, *and* increase his base offense level because he was in possession of firearms as a prohibited person. The alleged admission alone does not give the Court enough information to find that Eric was a prohibited person (an unlawful drug user) while in possession of the firearms. This justification for a base offense level of 14 was not part of the original PSIR and is an attempt to increase Eric's offense level in any way possible.

### C.   *Number of Firearms Involved in the Offense*

Eric is pleading guilty to making a false statement during the purchase of a firearm on February 12, 2021. The sale involved only one firearm as noted in paragraph 8 of the PSIR, as well as in the indictment. Yet, the PSIR enhances the base offense level by four levels because "[t]he offense involved the purchase and sale of at least 8 firearms but less than 24 (10)." In response to Eric's objection to this enhancement, the PSIR writer cited *United States v. Santoro*, 159 F.3d 318 (7th Cir. 1998) and *United States v. Brummett*, 355 F.3d 343 (5th Cir. 2003) for the proposition that "a pattern of unlawfully possessing firearms is a course of conduct, for the purposes of applying a sentencing enhancement based on the number of firearms involved in an offense." Neither of the cases cited are applicable to Eric's case. *Santoro* and *Brummett* did not involve the offense of giving a false statement; but involved the offense of felon in possession of a firearm. *Santoro,* 159 F.3d at 319; *Brummett,* 355 F.3d at 343. The courts in both cases found instances of previous firearm possession to be relevant conduct to the offense of felon in possession.

Here, even assuming *arguendo,* that Eric did possess multiple firearms, there is no information regarding how those firearms were purchased, or the details of what happened with any other firearm Eric purchased. There are no allegations that he made a false statement during any of the other purchases or that the firearms referenced were obtained or distributed unlawfully. Mere possession of firearms on a previous occasion is not relevant conduct to the offense of making a false statement. Eric objects to the increased base offense level here.

### III. Sentencing Argument

Under 28 U.S.C. § 924(j), "[t]he Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense …" Eric is just such an offender. He has no prior criminal history and is being sentenced for a non-violent offense. He has remained on pretrial release for nearly two years, with no violations having been filed. He has maintained employment, and has stable housing. He has demonstrated to this Court his ability to respect and comply with the law, rendering a sentence of imprisonment unnecessary. As noted in the PSIR, "[t]he Court may wish to consider the personal history and characteristics of the defendant, including his age, lack of criminal history, acceptance, remorse, and conduct on pretrial release."

8

Eric respectfully submits that a sentence other than imprisonment is sufficient, but not greater than necessary, to satisfy the sentencing objectives. 18 U.S.C. § 3553(a)(2).

Dated: June 17, 2023

          Respectfully Submitted,

          */s/ Denise L. Turner*
          Denise L. Turner, #29524-49
          Attorney for Eric Keys
          333 N. Alabama Street, Suite 350
          Indianapolis, IN 46204
          Ph: 317-721-4783

## CERTIFICATE OF SERVICE

I certify that on June 17, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

          */s/ Denise L. Turner*
          Denise L. Turner, #29524-49